IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RONNIE C. GARCIA,

    Petitioner,

v.                                                                                                                   No. 22-cv-0978 DHU-JHR

RONALD MARTINEZ, *et al*,

    Respondents.

**ORDER TO ANSWER**

    This matter is before the Court on Petitioner Ronnie C. Garcia's Habeas Corpus Petition (Doc. 1) (Petition). Garcia is a state prisoner and is proceeding *pro se*. The claims appear on the 28 U.S.C. § 2254 form, but the Petition challenges Garcia's state convictions and the calculation of his state sentence. Challenges to the validity of a conviction or sentence must be analyzed under § 2254, while challenges to the execution of a sentence are analyzed under 28 U.S.C. § 2241. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (distinguishing between §§ 2241 and 2254). The Tenth Circuit has implicitly recognized that habeas petitioners may file "hybrid" pleadings, containing both §§ 2241 and 2254 claims. *See, e.g., Davis v. Bravo*, 22 Fed. App'x 971 (10th Cir. 2001) ("Davis' petition is actually a hybrid [between §§ 2241 and 2254] in the sense that it challenged both his underlying conviction and the execution of his sentence"); *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) ("Analytically, Montez's petition seems to be a hybrid" between § 2241 and § 2254); *Malek v. Friel*, 279 Fed. App'x 659, 660 (10th Cir. 2008) ("Malek filed the instant federal habeas petition … raising claims under both 28 U.S.C. § 2254 and 28 U.S.C. § 2241.").

    The Court will therefore treat Garcia's Petition as a § 2241/§ 2254 hybrid. Having

reviewed the claims pursuant to Habeas Corpus Rule 4, the Court will order an answer. Respondent Attorney General of the State of New Mexico (AG) shall address Garcia's § 2241 claim that his sentence was improperly calculated and his § 2254 claims challenging the validity of his conviction/sentence. The Court assumes Garcia raises seven (7) substantive habeas claims in pages 1 through 21 of the Petition and that the remaining pages were attached as exhibits. The Court is not required to consider substantive arguments that appear in the roughly 150 pages of attached exhibits. *See McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) ("It is not the role of ... the court ... to sort through ... voluminous exhibits ... to construct plaintiff's causes of action."). If Garcia intended for the Court to construe the Petition beyond the parameters set forth in this Order, he must seek leave to amend.

**IT IS ORDERED** that the Clerk shall mail copies of this Order and the Petition (**Doc. 1**) to the AG at the following address:

> Attn: Federal Habeas Attorney(s)
> New Mexico Office of the Attorney General
> Criminal Appeals Division
> 201 Third St. NW, Suite 300, Albuquerque, NM 87102

It is **FURTHER ORDERED** that the AG must answer the Petition within **30 days** of entry of this Order. The answer must address the merits of each claim and may provide additional information on exhaustion. If the Petition is mixed, such that it contains exhausted and unexhausted claims, the AG must take a position on how to proceed (*i.e.,* waive the exhaustion defense, dismiss the unexhausted claims, stay the proceeding while Garcia exhausts, etc). The AG must attach to its answer copies of all pertinent filings from the state trial court, the state court of appeals, and the state supreme court; including memoranda filed by <u>both</u> parties. The AG must also attach to the answer copies of all state post-conviction or appellate proceedings and any

transcripts that are needed to resolve the claims.

**IT IS FURTHER ORDERED** that if Garcia wishes to file an optional reply, he must do so within twenty-one (21) days after the AG's response is filed. The optional reply is limited to **15 pages** in length.

_____
UNITED STATES MAGISTRATE JUDGE