IN THE UNITED STATES DISTRCT COURT
FOR THE DISTRICT OF NEW MEXICO

RONNIE C. GARCIA,

    Petitioner,

v.                                                                                                   No. 2:22-cv-00978-DHU-JHR

RONALD MARTINEZ; *and* RAÚL TORREZ,
*Attorney General of the State of New Mexico,*

    Respondents.

**<u>MEMORANDUM OPINION AND ORDER DENYING APPOINTMENT OF COUNSEL</u>**

THIS MATTER is before the Court on *pro se* Petitioner Ronnie C. Garcia's Motions to Appoint Counsel, [Docs. 8, 9] ("the Motions"). Respondents timely responded in opposition, *see* [Doc. 11], and Garcia did not reply. The matter is thus ripe for decision. For the reasons stated below, the Court denies Garcia's Motions without prejudice.

This case began when Garcia filed a petition for a writ of *habeas corpus* under 28 U.S.C. §§ 2241 and 2254, asking this Court to vacate and set aside a criminal judgment levied against him by the State of New Mexico. *See* [Doc. 1, p. 15].[1] In April 2023, the Court ordered the Attorney General of New Mexico, Raúl Torrez, to respond to Garcia's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. [Doc. 3, pp. 1–2]. In June 2023, Garcia filed the present Motions. *See* [Docs. 8, 9].

In the first Motion, Garcia says he "would like the Court to appoint me a public attorney because I don't know the law or anything to help fight my case." [Doc. 8, p. 1]. In his second Motion, Garcia reiterates this and points out that he is "incarcerated and ha[s] limited legal resorces [*sic*]." [Doc. 9, p. 1]. He also asserts that *habeas corpus* petitioners have a right to

---

[1] In citations to documents with both internal pagination and CM/ECF-generated pagination, the Court refers to the CM/ECF-generated pagination.

counsel at "both trial and appeal," (citing *State v. Lewis*, 1986-NMCA-038, 719 P.2d 445); that the right is triggered when "a substantial issue is raised" (citing *State v. Barefield*, 1969-NMCA-040, 454 P.2d 279); and that petitioners have a right to counsel under the New Mexico Indigent Defense Act, N.M.S.A. 1978 § 31-16-3(B)(3). [Doc. 9, p. 1]. Respondents argue that Garcia misunderstands the law. *See* [Doc. 11, pp. 1–2]. They concede that the Court must appoint an attorney for Garcia if an evidentiary hearing is held but argue that it is otherwise within the Court's discretion whether to appoint counsel. *Id.* at 1. In their view, the Motions are premature, and the relevant factors weigh against appointment, so the Motions should be denied. *Id.* at 1–2.

      Respondents are correct, so the Motions will be denied. Unlike in state criminal proceedings, there is no constitutional right to counsel in federal *habeas* proceedings. *See Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). Federal *habeas* petitioners convicted of non-capital crimes are only entitled to an appointed lawyer if an evidentiary hearing is warranted to resolve the petition. *See* R. Governing Section 2254 Cases 8(c); *cf.* 18 U.S.C. § 3599(a)(2) (requiring appointment of counsel for indigent *habeas* petitioners "seeking to vacate or set aside a death sentence"). Petitioners are sometimes entitled to an evidentiary hearing, but whether an evidentiary hearing is warranted is generally within the discretion of the Court. *See Foltz v. Wyoming Dep't of Corr. Medium Corr. Inst. Warden*, 860 F. App'x 597, 603 (10th Cir. 2021). When an evidentiary hearing is not yet warranted, appointment of counsel is discretionary. *See Swazo*, 23 F.3d at 333. District courts "should consider a variety of factors" before using their discretion to appoint counsel, "including the merits of the litigant's claims, the nature of the factual issues . . . the litigant's ability to present his claims, and the complexity of the legal issues raised[.]" *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

Garcia's Motions do not show that an evidentiary hearing is warranted, nor that his claims call for the Court to use its discretion to appoint counsel. The Motions are short and conclusory, asserting that Garcia is entitled to counsel without discussing the substance of his claims. *See generally* [Docs. 8, 9]. And Garcia's claims are not so complex that he needs a lawyer at this stage. He asserts that the New Mexico Department of Corrections is holding him longer than his sentence allows; that errors were made during his trial; and that his lawyer was ineffective. [Doc. 1, pp. 5, 7–10, 16–18]. These arguments can likely be resolved by reviewing the petition, the opposition briefing, and the state court records, all of which are available without appointment of counsel. The Motions will thus be denied.

The cases and the statute Garcia cites do not apply here. *State v. Lewis* addresses criminal defendants' constitutional rights to counsel at trial and on appeal, but those rights do not extend to federal *habeas* proceedings. 1986-NMCA-038 ¶ 6, 719 P.2d at 447; *Swazo*, 23 F.3d at 333. *State v. Barefield* and the New Mexico Indigent Defense Act, meanwhile, recognize limited rights to counsel for convicted individuals in postconviction proceedings. *See* 1969-NMCA-040 ¶¶ 14–16, 454 P.2d at 281–82; N.M.S.A. 1978 § 31-16-3(B)(3). But these are rights conferred by state law and thus apply only in New Mexico state courts, as state law cannot coerce the federal government. *See United States v. Washington*, 596 U.S. 832, 835 (2022) ("The Constitution's Supremacy Clause generally immunizes the Federal Government from state laws that directly regulate or discriminate against it"). The Court thus rejects Garcia's arguments.

Based on the discussion above, the Court **DENIES** Garcia's Motions to Appoint Counsel, [Docs. 8, 9], without prejudice. As the Court considers the merits of Garcia's petition, it may order, on its own initiative, evidentiary hearings or new briefing on whether to appoint a lawyer to represent Garcia.

**IT IS SO ORDERED.**

_____
Hon. Jerry H. Ritter
United States Magistrate Judge

**IT IS SO ORDERED.**

_____
Hon. Jerry H. Ritter
United States Magistrate Judge