**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

RONNIE C. GARCIA,

Petitioner,

vs. No. 2:22-cv-00978-DHU-JHR

RONALD MARTINEZ, *et al.*,

Respondents.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

In November 2019, a state court jury convicted Petitioner of second-degree murder and tampering with evidence. (Doc. 10-1 at 3-4, 35-36.) In February 2020, he was sentenced to a term of imprisonment of eighteen years and six months. (*Id.* at 37-41.) On direct appeal, the New Mexico Court of Appeals affirmed the convictions and the New Mexico Supreme Court denied Petitioner's petition for a writ of certiorari. (*Id.* at 97-101, 117-18.) Petitioner then filed a petition for a writ of habeas corpus in state district court and another petition for a writ of certiorari, both of which were denied. (Doc. 10-2 at 6-44; Doc. 10-3 at 15-37; Doc. 10-4 at 59.)

Now before the Court is Petitioner's *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) ("2254 Petition"), in which Petitioner asks the Court to vacate his convictions and sentence. United States District Judge David H. Urias referred this case to me to conduct hearings as warranted and to perform any legal analysis required to recommend an ultimate disposition of the case. (Doc. 4.) I propose to find that Petitioner has filed a mixed petition containing both exhausted and unexhausted claims and recommend that the Court set a 30-day deadline for Petitioner to voluntarily dismiss his unexhausted claims and proceed on his exhausted claims. If Petitioner does not elect to dismiss the unexhausted claims

within the time allowed, I recommend that the Court dismiss the entire 2254 Petition without prejudice because it is mixed.

## I. BACKGROUND

On December 10, 2018, Petitioner Ronnie C. Garcia was charged in the Eleventh Judicial District Court for the State of New Mexico with second-degree murder and tampering with evidence in connection with the death of Dion DeBarry. (Doc. 10-1 at 1-2.) A jury found Petitioner guilty of both charges on November 22, 2019. (*Id.* at 3-4.) On February 25, 2020, the state district court sentenced Petitioner to consecutive terms of imprisonment of (a) fifteen years, plus one year for being a habitual offender, for the second-degree murder conviction and (b) eighteen months, plus one year for being a habitual offender, for the tampering with evidence conviction, for a total term of imprisonment of eighteen years and six months. (*Id.* at 37-41.)

Acting through counsel, Petitioner appealed his convictions to the New Mexico Court of Appeals, arguing that the State failed to present sufficient evidence to support them. (*Id.* at 42-57, 72-96.) The New Mexico Court of Appeals affirmed the convictions on May 18, 2021. (*Id.* at 97-101.) On June 11, 2021, Petitioner petitioned the New Mexico Supreme Court for a writ of certiorari, which the court denied on July 13, 2021. (*Id.* at 102-15, 117-18.)

Acting *pro se*, Petitioner then filed a 39-page petition for a writ of habeas corpus ("State Habeas Petition") in state district court, using a court form and attaching additional single-spaced, handwritten pages. (Doc. 10-2 at 6-44.) The State Habeas Petition was deemed filed on February 28, 2022. (*Id.* at 6.) The petition does not contain numbered grounds, but the parties agree that it includes all the grounds Petitioner now raises in his 2254 Petition. (*Compare* Doc. 1 at 5-12, 16-19 *with* Doc. 10-2 at 6-44; *see also* Doc. 10 at 8-10.) On April 5, 2022, the state district court dismissed Petitioner's State Habeas Petition on the basis that "it plainly appears from the face of

the petition and the prior proceedings in the case that the Petitioner is not entitled to relief as a matter of law." (Doc. 10-3 at 15-17.)

On May 2, 2022, Petitioner filed a 20-page Petition for Writ of Certiorari ("Certiorari Petition") before the New Mexico Supreme Court, seeking review of the state district court's dismissal of his State Habeas Petition. (*Id.* at 18-37.) Again, Petitioner used a court form and attached additional single-spaced, handwritten pages. (*Id.*) The court form directed Petitioner to (1) identify the "[q]uestions [p]resented for [r]eview," (2) "[t]ell the story of what happened in [his] court case," (3) "[d]escribe [his] legal claim[s]" and (4) "[a]ttach additional sheets if necessary." (*Id.*) Although Petitioner did not separately number most of the grounds in his Certiorari Petition, it is undisputed that he identified and presented substantive arguments regarding some of the claims in his State Habeas Petition, but not all of them. (*Compare* Doc. 10-2 at 6-44 *with* Doc. 10-3 at 18-37; *see also* Doc. 10 at 8-10; Doc. 12 at 1.) The New Mexico Supreme Court denied the Certiorari Petition on September 23, 2022. (Doc. 10-4 at 59.)

On December 27, 2022, Petitioner filed his *pro se* 2254 Petition in this Court, alleging that his convictions were obtained in violation of his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. (Doc. 1 at 7-12, 16-21.) He also alleges that the order in which the State is requiring him to serve his consecutive terms of imprisonment, and the manner in which it is calculating his good time, violate his federal rights. (*Id.* at 5.) Petitioner therefore asks the Court to vacate his convictions and sentence.[1] (*Id.* at 15, 20-21.)

---

[1] In his 2254 Petition, Petitioner does not expressly ask the Court, in the alternative, to modify the manner in which he is being required to serve his sentence. (*See* Doc. 1 at 15, 20-21.) Petitioner's challenge to the manner in which he is being required to serve his sentence seems to imply a request for such alternative relief. (*See id.* at 5.) However, I recommend that the Court defer a determination regarding any alternative relief Petitioner is seeking until the issues arising out of the mixed nature of the 2254 Petition are resolved.

On June 27, 2023, Respondents filed a limited response to Petitioner's 2254 Petition, arguing that the Petition includes both exhausted and unexhausted claims. (Doc. 10.) Respondents ask the Court to instruct Petitioner to delete the unexhausted claims and then allow Respondents to file a supplemental response addressing the merits of the exhausted claims. (*Id.* at 12-13.) On July 10, 2023, Petitioner filed a one-paragraph reply to Respondents' response. (Doc. 12.) In it, Petitioner states that he "agree[s] with [Respondents'] response to dismiss the unexhausted claims" in his 2254 Petition and "proceed with the exhausted claims." (*Id.* at 1.)

## II. LAW ON EXHAUSTION

In general, a federal district court may not consider the merits of a petition under 28 U.S.C. § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To exhaust available state court remedies, a petitioner must "properly present[]" a claim "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). In other words, "[t]o exhaust a claim, a state prisoner must pursue it through 'one complete round of the State's established appellate review process,' giving the state courts a 'full and fair opportunity' to correct alleged constitutional errors." *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). "[T]he crucial inquiry is whether the substance of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim." *Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012) (quotation marks omitted). The petitioner bears the burden of showing that he exhausted all his claims before the state's highest court. *McCormick v. Kline*, 572 F.3d 841,

851 (10th Cir. 2009). The exhaustion requirement applies to both claims and portions of claims. *See, e.g., Jernigan v. Jaramillo*, 436 F. App'x 852, 855-56 & n.5 (10th Cir. 2011).[2]

When a 2254 petition contains both exhausted and unexhausted claims, it is said to be "mixed." *Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009). Faced with a mixed petition, a court

> can do one of four things: (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit.

*Id.* at 1156 (brackets and citations omitted).

## III. ANALYSIS

In his 2254 Petition, Petitioner lists seven grounds for relief. (Doc. 1 at 5-12, 16-19.) For his first six grounds, Petitioner argues that his federal rights have been or are being violated because: (1) the State is requiring him to serve his consecutive terms of imprisonment in the wrong order and is calculating his good time improperly; (2) the State introduced a video at trial that was less favorable to Petitioner than a video introduced in magistrate court; (3) jurors were never asked if they knew the alleged victim; (4) the State offered a witness who testified about DNA evidence even though the witness had done no DNA testing related to the case; (5) before trial started, a witness for the prosecution sat with jurors and told them to find Petitioner guilty; and (6) the trial court allowed the State to introduce the alleged murder weapon into evidence even though it had been lost for eight months and was not found until the day of trial. (*Id.* at 5-12, 16-17.)

---

[2] In the Tenth Circuit, unpublished decisions are not binding precedent but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

For his seventh ground, Petitioner argues that his trial counsel provided him with constitutionally ineffective assistance in nine distinct ways. (*Id.* at 18-19.) Specifically, Petitioner argues that trial counsel was ineffective because he: (a) failed to communicate with Petitioner; (b) failed to adequately advise Petitioner about the State's plea offer; (c) failed to provide Petitioner with all of the State's discovery; (d) allowed the State to present a witness who had nothing to do with the case; (e) failed to identify and present witnesses to testify on Petitioner's behalf; (f) allowed the State to use a video at trial that was less favorable to Petitioner than a video offered in magistrate court; (g) did not "really" seek a mistrial after a witness sat with jurors and told them to find Petitioner guilty; (h) failed to obtain police department policies on evidence handling and chain of custody; and (i) "was always missing court dates." (*Id.*)

In their response to Petitioner's 2254 Petition, Respondents contend that Petitioner exhausted available state court remedies as to Grounds One, Two, Four, Five, Six, and Seven (a), (b) and (e), but not as to Grounds Three and Seven (c), (d), (f), (g), (h) and (i).[3] (Doc. 10 at 8-10.) In support, Respondents argue that although Petitioner raised the unexhausted grounds in his State Habeas Petition, he did not raise them in his Certiorari Petition and therefore failed to fairly present them to the state's highest court. (*Id.*)

Respondents acknowledge that Petitioner attached his State Habeas Petition to his Certiorari Petition. (*Id.* at 11.) However, they contend that this did not fairly present the claims omitted from the Certiorari Petition to the New Mexico Supreme Court. (*Id.* at 7-8, 11.) Respondents point to case law holding that a prisoner does not fairly present a claim to a state court if that court must look outside the four corners of the petition or brief addressed to it, such

---

[3] Petitioner does not dispute, and the Court agrees, that each of the nine distinct ways in which Petitioner contends his counsel was ineffective constitutes a separate claim or portion of a claim that must be independently exhausted. (Doc. 12); *Jernigan*, 436 F. App'x at 855-56 & n.5.

as to a lower court pleading, to find material that alerts it to the claim. (*Id.*) According to Respondents, this general rule is particularly salient here because in his State Habeas Petition, Petitioner "presented his unnumbered claims in a lengthy and diffuse narrative" that would have been "challenging" for the state supreme court to "decipher." (*Id.* at 11.)

As noted above, in his reply, Petitioner concedes that he failed to exhaust the claims Respondents identify as unexhausted.[4] (Doc. 12 at 1.) As explained below, with one exception, I agree.

Initially, I must address whether Petitioner's attachment of his State Habeas Petition to his Certiorari Petition fairly presented claims omitted from the latter to the New Mexico Supreme Court. In *Baldwin v. Reese*, the United States Supreme Court held that

> ordinarily a state prisoner does not fairly present a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so.

541 U.S. 27, 32 (2004) (quotation marks omitted).[5]

---

[4] In their response, Respondents identify the unexhausted claims as Grounds Three and Seven (c), (d), (f), (g), (h) and (i) and then refer to these grounds somewhat more compactly as "Grounds Three and Seven (c), (d), (f)-(i)." (*Compare* Doc. 10 at 10 *with id.* at 10, 12-13.) In his reply, in turn, Petitioner identifies the unexhausted claims as "Grounds Three and Seven (c), (d), (f), (i)." (Doc. 12 at 1.) Petitioner's substitution of a comma for a dash between Grounds Seven (f) and (i) arguably creates some ambiguity regarding whether he concedes that Grounds Seven (g) and (h) are unexhausted. However, it seems most likely that Petitioner does so concede, because in his reply he makes no attempt to argue or show that he has exhausted Ground Seven (g) or (h). (*See generally id.*) In addition, the Court has reviewed the Certiorari Petition and discerns no argument that fairly presents either of these grounds to the state's highest court. (*See generally* Doc. 10-3 at 18-37.)

[5] The *Baldwin* Court

> rejected the proposition that a petitioner could establish fair presentation as to the Oregon Supreme Court simply by relying on the fact that a lower state trial court had picked up on his federal constitutional violation, and that the Oregon Supreme Court had had the opportunity to read the lower Oregon court's decision.

*Grant v. Royal*, 886 F.3d 874, 900 (10th Cir. 2018) (quotation marks, ellipsis, brackets and emphasis omitted).

Applying *Baldwin*, the Tenth Circuit has held that the exhaustion requirement for a claim under Section 2254 "is not satisfied when the petitioner merely attached his state habeas petition and the state district court order to a writ of certiorari petition to the state supreme court," even if the state habeas petition "squarely addressed [the] unexhausted claims." *Wilkinson v. Timme*, 503 F. App'x 556, 560 (10th Cir. 2012); *Jernigan*, 436 F. App'x at 856–57; *see also Dombos v. Marshall*, No. 09-cv-0200, 2010 WL 11619113, at *4 (D.N.M. Aug. 4, 2010) (Browning, J.) ("[A] petitioner has not fairly presented claims to a state's high court when that court is required to go outside the four corners of a petitioner's brief in order to understand the nature of the claims being brought.").[6] Thus, as he tacitly concedes, Petitioner did not exhaust the claims he included in his State Habeas Petition but omitted from his Certiorari Petition merely by attaching the former to the latter.[7] (*See generally* Doc. 12.)

Further, I have reviewed the Certiorari Petition and agree that it did not fairly present the claims Respondents identify as unexhausted, with one exception. As Respondents argue, the

---

[6] Although "attachment of a lower court document does not normally constitute fair presentation of the claims therein to a higher state court," there may be exceptional circumstances in which it does, for example, when the petitioner "specifically direct[s]" the higher court to the lower court document and the higher court's rules do not prohibit incorporation by reference. *See, e.g., Wilson v. Hatch*, No. 12-cv-1224, 2013 WL 12159040, at *4 (D.N.M. Mar. 22, 2013) (Wormuth, J.), *report and recommendation adopted*, No. 12-cv-1224, 2013 WL 12160994 (D.N.M. Apr. 18, 2013). But here, Petitioner did not expressly incorporate his State Habeas Petition by reference in his Certiorari Petition. (*See generally* Doc. 10-3 at 18-37.) Alternatively, attachment of a state habeas petition to a certiorari petition might fairly present the claims in the state habeas petition to the state supreme court when the applicable procedure plainly requires the state supreme court to "consider the lower-court documents along with the [certiorari] petition." *Gonzales v. Tafoya*, No. 02-cv-396, 2005 WL 8165193, at *1 (D.N.M. Feb. 1, 2005) (Johnson, J.). But here, the applicable procedure plainly put the onus on Petitioner to identify and describe in his Certiorari Petition the habeas claims he wanted the state supreme court to review. Specifically, Petitioner submitted his Certiorari Petition on a state court form that directed him to (1) identify the "[q]uestions [p]resented for [r]eview," (2) "[t]ell the story of what happened in [his] court case," (3) "[d]escribe [his] legal claim[s]" and (4) "[a]ttach additional sheets if necessary." (Doc. 10-3 at 18-37); *see* N.M. R. CR Form 9-702. In short, this case presents no exceptional circumstance that would make mere attachment of the State Habeas Petition to the Certiorari Petition adequate to fairly present all the claims in the State Habeas Petition to the New Mexico Supreme Court.

[7] Moreover, as Respondents point out, the State Habeas Petition is lengthy and disjointed, and these characteristics further undermine any possibility that it could have fairly presented the claims therein to the New Mexico Supreme Court. (Doc. 10 at 11; *see generally* Doc. 10-2 at 6-44.)

Certiorari Petition did not fairly present Grounds Three and Seven (d), (f), (g), (h) and (i). (Doc. 10 at 10; *see* Doc. 10-3 at 18-37.) However, it did fairly present Ground Seven (c). In Ground Seven (c), Petitioner claims that his trial counsel provided him with constitutionally ineffective assistance because counsel did not provide him with all the State's discovery. (Doc. 1 at 18; Doc. 10 at 4.) Likewise, in his Certiorari Petition, Petitioner argued, "I did not receive the case's whole discovery not well abiding the rules of disclosure, and did not learn the facts of the case. And, did not get to discuss and confer with the attorney about the case in any way for that matter." (Doc. 10-3 at 25-26.) This portion of the Certiorari Petition fairly presented Ground Seven (c) to the New Mexico Supreme Court.

Because Petitioner exhausted some but not all of the claims, his Section 2254 Petition is mixed. *Fairchild*, 579 F.3d at 1155. And because the Court cannot adjudicate mixed petitions, it is left to do one of four things: (1) dismiss the 2254 Petition in its entirety; (2) stay the 2254 Petition and hold it in abeyance while Petitioner returns to state court to exhaust his unexhausted claims; (3) permit Petitioner to dismiss the unexhausted claims and proceed with the exhausted claims in this action; or (4) ignore the exhaustion requirement and deny the 2254 Petition on the merits if all of Petitioner's claims are plainly meritless. *Id.* at 1156.

I recommend against the second and fourth options. The second option, *i.e.*, stay and abeyance, is appropriate only in limited circumstances. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts," stay and abeyance is appropriate only when the Court determines that (1) "there was good cause for the petitioner's failure to exhaust his claims first in state court[,]" (2) the petitioner's unexhausted claims are "potentially meritorious" and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005); *Fairchild*, 579 F.3d at

1152-53. But Petitioner has not argued – and on the present record I cannot otherwise determine – that these prerequisites have been met. Similarly, regarding the fourth option, *i.e.*, dismissal of all claims with prejudice on the merits, Respondents have not argued, and the present record does not show, that all of Petitioner's claims are plainly meritless.

Further, while the Court could exercise the first option and immediately dismiss the entire 2254 Petition as mixed, I recommend that the Court first give Petitioner the opportunity to dismiss his unexhausted claims and proceed with his exhausted claims. Specifically, I recommend that the Court give Petitioner 30 days to voluntarily dismiss his unexhausted claims, and if he does so, allow the parties to brief his exhausted claims on the merits. Only if Petitioner fails to dismiss the unexhausted claims within the time allowed do I recommend that the Court dismiss the entire 2254 Petition without prejudice.

As noted above, in his reply, Petitioner has already expressed his willingness to dismiss his unexhausted claims and proceed with his exhausted claims. (Doc. 12 at 1.) Also,

> if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

*Rhines*, 544 U.S. at 278. Here, immediate dismissal of Petitioner's entire 2254 Petition could unreasonably impair his right to obtain federal relief because the applicable statute of limitations might well prevent him from refiling any of his claims – including exhausted claims – in federal court.[8] *See* 28 U.S.C. § 2244(d)(1) (providing that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a

---

[8] In his reply, Petitioner does not challenge Respondents' calculation that the deadline for him to file the claims in his 2254 Petition was May 24, 2023. (*See* Doc. 10 at 11-12; Doc. 12 at 1.)

State court"); *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that limitation period in Section 2244(d) is not tolled during the pendency of a federal habeas petition).

## IV. RECOMMENDATION

For the above reasons, I recommend that the Court set a 30-day deadline for Petitioner to voluntarily dismiss his unexhausted claims (Grounds Three and Seven (d), (f), (g), (h) and (i)). If Petitioner dismisses the unexhausted claims within the time allowed, the Court can then set deadlines for Respondents to file a response and Petitioner to file a reply addressing the merits of the exhausted claims (Grounds One, Two, Four, Five, Six and Seven (a), (b), (c) and (e)). I further recommend that if Petitioner fails to dismiss Grounds Three and Seven (d), (f), (g), (h) and (i) within the time allowed, the Court dismiss the 2254 Petition without prejudice because it is mixed.

HON. JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**